**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| BYRON K. SHAW,<br>　　　　　Appellant, | DOCKET NUMBER<br>SF-0752-20-0498-I-1 |
| 　　　v. | |
| DEPARTMENT OF VETERANS<br>　　AFFAIRS,<br>　　　　　Agency. | DATE: August 1, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Byron K. Shaw, San Jose, California, pro se.

Anna Jang, Esquire, San Francisco, California, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant was employed by the agency's Veterans Health Administration (VHA) as an Advanced Medical Support Assistant in the competitive service until February 2020. Initial Appeal File (IAF), Tab 1 at 5, 7. He received an excepted-service appointment to the position of Nurse, effective March 1, 2020, pursuant to the VHA authority set forth in 38 U.S.C. § 7401(1). IAF, Tab 1 at 5, 7, Tab 8 at 7. The agency terminated his employment effective May 1, 2020, for failure to maintain a current, unrestricted Registered Nurse (RN) license. IAF, Tab 1 at 12.

The appellant appealed the termination to the Board and requested a hearing. IAF, Tab 1. In an acknowledgment order, the administrative judge informed the appellant that the Board may lack jurisdiction over his termination because the appellant alleged that the VHA appointed him as a Nurse under 38 U.S.C. § 7401(1), and ordered him to file evidence and argument nonfrivolously alleging that his appeal was within the Board's jurisdiction. IAF, Tab 2. In response, the appellant asserted that the Board's jurisdiction to "hear

this case regarding a Title 38 employee is based on the evidence provided that the [Department of Veterans Affairs (VA)] knowingly and willingly appointed [him] from a competitive service (GS-6 position) to a Title 38 excepted appointment knowing [he] did not meet the criteria according to VA Handbook." IAF, Tab 6 at 4. The agency replied that the Board lacks jurisdiction because the appellant was appointed under 38 U.S.C. § 7401(1). IAF, Tab 8 at 4-6.

In an initial decision based on the written record,[2] the administrative judge found that the appellant was not entitled to appeal his termination to the Board because his appointment was pursuant to the authority under 38 U.S.C. § 7401(1). IAF, Tab 12, Initial Decision (ID) at 4. The administrative judge further found that the appellant could not rely on the appeal rights he held in his prior position in the competitive service. ID at 4-6. The appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. The agency has not responded to the petition for review.

## DISCUSSION OF ARGUMENTS ON REVIEW

On review, the appellant reasserts that the agency promoted him to the Nurse position, for which he was not qualified, in order to eliminate his appeal rights and then terminate him. PFR File, Tab 1 at 4, 6-8. The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). An individual who meets the definition of "employee" at 5 U.S.C. § 7511(a)(1) generally has the right to challenge his removal from the Federal service by filing an appeal with the Board under chapter 75. *Maibaum v. Department of Veterans Affairs*, 116 M.S.P.R. 234, ¶ 9 (2011); *see* 5 U.S.C. §§ 7512(1), 7513(d). However, as provided in 5 U.S.C. § 7511(b)(10), an individual does not have the right to appeal an adverse action under chapter 75 if he "holds a position within the [VHA] which has been excluded from the

---

[2] The appellant withdrew his request for a hearing and elected to receive a decision on the written record. IAF, Tab 7 at 4.

competitive service by or under a provision of title 38, unless such employee was appointed to such position under section 7401(3) of such title." *Pichon v. Department of Veterans Affairs*, 67 M.S.P.R. 325, 326-27 (1995). Here, it is undisputed that the appellant was appointed to his position as a Nurse under 38 U.S.C. § 7401(1). The statutory exception for section 7401(3) appointments is therefore inapplicable to the appellant. Thus, the administrative judge properly found that as a 38 U.S.C. § 7401(1) appointee, the appellant is not entitled to appeal his termination to the Board under chapter 75. ID at 4. The appellant does not dispute this finding on review, and we discern no basis to disturb it.[3]

On review, the appellant argues that he had completed his probation in his prior position. PFR File, Tab 1 at 7. The administrative judge properly determined that the appellant's prior status as a tenured employee did not transfer to his new appointment. ID at 4-6. Only an individual who meets the definition of an employee under 5 U.S.C. § 7511(a)(1) may appeal an involuntary separation to the Board. *Burnett v. Department of Housing & Urban Development*, 114 M.S.P.R. 1, ¶ 6 (2010). As indicated above, the appellant was excluded from this definition by statute. 5 U.S.C. § 7511(b)(10). Even an agency's failure to inform an appellant he did not retain his appeal rights when he voluntarily transferred cannot convey such rights to him. *Williams v. Merit Systems*

---

[3] The administrative judge indicated that the appellant had the burden of nonfrivolously alleging a basis for Board jurisdiction over his appeal. ID at 2. Because the appellant waived his right to a hearing, the issue is not whether he raised a nonfrivolous allegation of jurisdiction entitling him to a jurisdictional hearing, but whether he established jurisdiction by a preponderance of the evidence based upon the written record. IAF, Tab 7; *see Axsom v. Department of Veterans Affairs*, 110 M.S.P.R. 605, ¶¶ 9-10 (2009 (explaining an appellant's jurisdictional burden in the context of an alleged involuntary resignation appeal); 5 C.F.R. § 1201.56(b)(2)(i)(A) (setting forth an appellant's burden to prove jurisdiction by preponderant evidence). Nonetheless, any error by the administrative judge as to the appellant's burden is harmless. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision). Having not met the lesser burden of making nonfrivolous allegations of jurisdiction, the appellant necessarily has not met the higher preponderant evidence burden. *See* 5 C.F.R. § 1201.4(q), (s) (defining these burdens).

*Protection Board*, 892 F.3d 1156, 1163 (Fed. Cir. 2018). Therefore, the appellant's status in his prior appointment provides no basis to disturb the administrative judge's finding.

The appellant's remaining arguments provide no basis to grant review. His arguments regarding the merits of his termination are immaterial to the jurisdictional issue before us. *Rivera v. Department of Homeland Security*, 116 M.S.P.R. 429, ¶ 13 (2011). He also argues that by effectively eliminating his chapter 75 rights and then allegedly terminating him for his social media post containing patient information, the agency abused its authority in violation of 5 U.S.C. § 2302(b)(8), discriminated against him based on non-merit factors in violation of 5 U.S.C. § 2302(b)(10), and violated his free speech rights. PFR File, Tab 1 at 5-10.[4] Finally, he alleges that the agency has not processed his internal appeal of his termination. *Id.* at 10.

The administrative judge properly determined that, because the Board lacks jurisdiction over the appellant's termination, it cannot consider his claims of prohibited personnel practices. ID at 6-7; *Penna v. U.S. Postal Service*, 118 M.S.P.R. 355, ¶ 13 (2012) (finding that, in the absence of an otherwise appealable action, the Board lacks jurisdiction over claims of harmful error and prohibited personnel practices); *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (explaining that prohibited personnel practices under 5 U.S.C. § 2302(b)

---

[4] As to the appellant's § 2302(b)(8) claim, he has not alleged that he made a protected disclosure of agency wrongdoing, engaged in a protected activity, or filed a complaint with the Office of Special Counsel (OSC). IAF, Tab 1 at 4; PFR File, Tab 1 at 9-10. The Board has jurisdiction over an individual right of action (IRA) appeal if the appellant has exhausted his administrative remedies before OSC and makes nonfrivolous allegations that (1) he made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016). Because he specifically references the Whistleblower Protection Act of 1989 on review, the appellant may wish to file an IRA appeal. PFR File, Tab 1 at 11. We make no findings here as to the timeliness of such an appeal or whether the Board would have jurisdiction.

are not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982). The appellant's claims, raised for the first time on review, that the agency violated his constitutional rights and failed to follow its own procedures also fail to state a basis for jurisdiction absent an otherwise appealable action. IAF, Tab 1 at 5, Tab 10 at 4-8; *see Pirkkala v. Department of Justice*, 123 M.S.P.R. 288, ¶ 5 (2016) (considering evidence submitted for the first time on review because it was relevant to the issue of Board jurisdiction, a matter that may be raised at any time during the Board proceeding); *Penne*, 118 M.S.P.R. 355, ¶ 15; *Moore v. Department of State*, 15 M.S.P.R. 488, 489-90 (1983) (stating that a violation of constitutional rights standing alone will not confer jurisdiction on the Board in the absence of an otherwise appealable action), *aff'd*, 765 F.2d 159 (Fed. Cir. 1985) (Table).

Finally, the documents the appellant provides for the first time on review, specifically, emails he exchanged with a manager regarding his social media post, are immaterial to the issue of whether the Board has jurisdiction over this appeal. Thus, they provide no basis to disturb the initial decision. *See Luna v. Office of Personnel Management*, 89 M.S.P.R. 465, ¶ 7 (2001) (declining to grant review based on arguments and documentary submissions that did not address the dispositive jurisdictional issue in the appeal). PFR File, Tab 1 at 12-13. Accordingly, we affirm the initial decision that dismissed this termination appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195,

review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.